MEMORANDUM **
Maria Gabriela Orellana-Cuellar, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Santos-Lemus v. Mukasey, 542 F.3d 738, 742 (9th Cir.2008), and we deny the petition for review.
Substantial evidence supports the BIA’s finding that Orellana-Cuellar failed to establish past persecution on account of a protected ground, see Gormley v. Ashcroft, 364 F.3d 1172, 1177 (9th Cir.2004) (“Random, isolated criminal acts ... do not es-
tablish persecution”), or a well-founded fear of future persecution on account of her membership in a particular social group or her anti-gang political opinion, see Santos-Lemus 542 F.3d at 744-47 (holding that the group “young [men] in El Salvador resisting gang violence” is not a particular social group for purposes of asylum, and “general aversion to gangs does not constitute a political opinion for asylum purposes”).
Because Orellana-Cuellar failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
Substantial evidence supports the BIA’s denial of CAT protection because Orella-na-Cuellar failed to show it is more likely than not that she would be tortured if returned to El Salvador. See Santos-Lemus, 542 F.3d at 747-48.
Finally, contrary to Orellana-Cuellar’s contention, the BIA provided a reasoned explanation for its denial. See Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.